Argued and submitted March 28, reversed and remanded November 23, reconsideration denied December 9, 1983, petition for review allowed May 1, 1984
See 297 Or 81, 680 P2d 386 (1984)

ROSBORO LUMBER COMPANY,
*Appellant,*

*v.*

EMPLOYEE BENEFITS INSURANCE
COMPANY,
*Respondent,*

(16-82-01824; CA A25849)

672 P2d 1336

Lewis Hoffman, Eugene, argued the cause for appellant. With him on the briefs were Michael F. Fox and Hoffman, Morris, Van Rysselberghe & Giustina, Eugene.

James N. Westwood, Portland, argued the cause for respondent. With him on the brief were Fredric A. Yerke, P. Conover Mickiewicz and Miller, Nash, Yerke, Wiener & Hager, Portland.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Plaintiff Rosboro Lumber Company (Rosboro) brought this action to recover the difference between its cost for workers' compensation insurance written by defendant Employee Benefits Insurance Company (EBI) and what it would have cost Rosboro had it not discontinued its insurance with a different carrier during a two-year period.

Rosboro's four claims for relief were based on fraud in the inducement, breach of warranty, unconscionable conduct and outrageous conduct.[1] Following entry of an order dismissing Rosboro's claims for failure to state ultimate facts sufficient to constitute a claim, the trial court entered a judgment of dismissal. The issue is whether the trial court erred in allowing EBI's ORCP 21A(8) motions to dismiss.

Rosboro contracted with EBI to secure workers' compensation insurance for a two-year period. The agreement provided for a rebate to Rosboro at the end of the period. Rosboro alleged in its complaint that EBI promised to retain 19 percent of premiums charged, but that in the two years EBI had retained, respectively, 48 percent and 53 percent. Rosboro further alleged that it was induced to change its carrier by EBI's promise of lower cost, and based its claims for relief on that inducement.

The rebate agreement was oral. It was not included in the insurance policy as required by ORS 746.035 and 746.045, and closely parallels the one we found to be illegal in *Mountain Fir Lbr. Co. v. EBI Ins. Co.*, 64 Or App 312, 667 P2d 567, *rev allowed* 295 Or 840 (1983). The parties here acknowledge that the rebate agreement is illegal.

Rosboro first contends that the trial court erred in allowing EBI's motions to dismiss Rosboro's fraud and breach of warranty claims. Claims for fraud and breach of warranty arising from this type of illegal rebate agreement are viable. *Mountain Fir Lbr. Co. v. EBI Ins. Co., supra.* Therefore, the trial court erred in dismissing Rosboro's claims.

---

[1] Rosboro also made a fifth claim for negligence against defendant Rollins Burdick Hunter of Oregon, Inc., the insurance agent involved. Although served, that defendant has not appeared, and the judgment here does not involve that claim. The trial court made appropriate findings pursuant to ORCP 67B.

■   Rosboro next contends that the trial court erred in allowing EBI's motion to dismiss Rosboro's unconscionable conduct claim. Restatement (Second) of Contracts 107, § 208 (1981), provides:

> "If a contract or term thereof is unconscionable at the time the contract is made a court *may refuse to enforce* the contract, or *may enforce the remainder* of the contract without the unconscionable term, *or* may so *limit the application* of any unconscionable term as to avoid any unconscionable result." (Emphasis added.)

The doctrine of "unconscionability" is often used to avoid *enforcement* of any unconscionable provisions of a contract. However, Rosboro cites no authority holding that an affirmative claim for damages may be maintained when unconscionability permeates a contract, and our independent research has found none.

> "One of the reasons why the unconscionability doctrine finds acceptance is that the remedy attached to it is a limited one, mainly a defense. There is no more affirmative remedy for damages here than there is in a case of duress or undue influence. When unconscionability is established, a contracting party loses his 'expectancy,' that is, any gains he might have made from the transaction. But he is not mulcted for damages. * * *
>
> "* * * * *
>
> "* * * the remedy remains essentially defensive, for the plaintiff does not recover damages; he will only be relieved of the contractual obligation, or, possibly, if he has already paid an unconscionable sum, will be allowed restitution to the limits of conscionability." *Dobbs on Remedies* 707 (West Ed., 1973.)

We conclude that, although unconscionability may be a defense to the enforceability of a contract, it is not a basis for affirmative relief. Therefore, the trial court did not err in dismissing Rosboro's claim.

Rosboro's final claim was based on outrageous conduct. It contends that EBI's deliberate intent to defraud is enough to show outrageous conduct. In *Hall v. The May Dep't Store Co.,* 292 Or 131, 637 P2d 126 (1981), the Supreme Court

identified three issues facing a trial court when an outrageous conduct claim is presented:

"The first is whether the relationship between a defendant and the victim of the alleged tort is one that imposes on the defendant a greater obligation to refrain from subjecting the victim to abuse, fright, or shock than would be true in arm's length encounters among strangers. The character of the relationship bears on the mental element required to impose liability * * * and also on the next issue, the offensiveness of potential liability."

"The second * * * is whether the acts alleged against the defendant, if proved, qualify as extraordinary conduct which a reasonable jury could find beyond the farthest reaches of socially tolerable behavior, in whatever condemnatory terms this may be characterized. The third * * * is whether there is evidence from which a reasonable jury may find that a disputed relationship in fact existed and that the defendant in fact engaged in conduct meeting the second test." 292 Or at 137. (Citation omitted.)

*See Rockhill v. Pollard,* 259 Or 54, 60, 485 P2d 28 (1971).

■        The relationship between EBI and Rosboro was not one that imposed on EBI a greater obligation to refrain from subjecting Rosboro to abuse, fright or shock than would be true in arm's length encounters among strangers. The parties engaged in arm's length negotiations. Rosboro already had coverage with another carrier that it could have maintained and does not claim that it was in a weaker bargaining position than EBI. It knowingly entered into an illegal contract with EBI in expectation of saving money on its insurance premiums. If Rosboro's allegations are true, EBI had no intention of keeping the rebate provision of the agreement. That allegation alone cannot support a claim for outrageous conduct. The trial court did not err in dismissing Rosboro's outrageous conduct claim.

Because EBI's motions to dismiss were granted, the issues of punitive damages and attorney fees were not before the trial court and, accordingly, are not now considered by us.

Reversed and remanded.